

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lin v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2805
_____

YUN HUI LIN,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,[*]

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A75-565-956)
_____

Submitted Under Third Circuit LAR 34.1(a)
April 1, 2005

Before:  ALITO, SMITH and FISHER, *Circuit Judges*.

(Filed: April 14, 2005)
_____

OPINION OF THE COURT
_____

[*]Caption amended pursuant to Rule 43(c), Fed. R. App. Pro.

FISHER, *Circuit Judge*.

Yun Hui Lin ("Lin") petitions this Court to review the June 2, 2004 decision of the Board of Immigration Appeals ("BIA") which denied her motion to reconsider an *in absentia* removal order issued by the Immigration Judge ("IJ") in February 2003 under 8 U.S.C. § 1229a(b)(5)(A). The former INS charged Lin with removability as an alien who entered the United States without inspection under I.N.A. § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) (2000). Lin seeks asylum because she violated China's one child policy by having two children in China, was forced to abort her third pregnancy in China, and believes that she will be targeted for sterilization if she returns to China. For the reasons that follow, we will deny the petition for review.

I.

Because we write only for the parties, we set forth only those facts necessary to our discussion.

This case has a lengthy procedural history, in which the IJ issued two *in absentia* removal orders and twice found no "exceptional circumstances" to explain Lin's failure to timely appear for her scheduled proceedings. An *in absentia* removal order may be rescinded "if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C). Lin successfully challenged the first *in absentia* removal order and obtained a reopening from the BIA. In the first challenge, the

BIA found "exceptional circumstances" existed where Lin was late to the hearing due to her attorney's tardiness and handling of other matters before directing Lin to her hearing.

Lin was tardy by nearly two hours for her second hearing, causing the issuance of a second *in absentia* removal order. Lin's motion to reopen that order is the subject of this petition for review. Lin again asserts "exceptional circumstances" in that she first sought to find her attorney at his office to no avail before proceeding to her hearing and, upon her arrival at the courthouse, was detained in lengthy security lines.

In February 2003, the IJ found that Lin's reasons for her second failure to appear did not amount to "exceptional circumstances" beyond her control, and denied the motion to reopen. In February 2004, the BIA affirmed the IJ's decision without opinion and dismissed the appeal. Lin filed a motion to reconsider with the BIA, arguing that the IJ improperly weighed the factors that caused Lin's failure to appear, and that the BIA erred in affirming the decision without opinion. In June 2004, the BIA denied reconsideration, finding no factual or legal errors in either the IJ decision or the BIA's earlier affirmance. This petition for review followed.

## II.

We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. *Abdulai v. Ashcroft*, 239 F.3d 542, 547 (3d Cir. 2001). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). Where the BIA affirms without opinion the findings of the IJ, we review the IJ's

3

opinion and scrutinize its reasoning. *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc). Additionally, principles of *Chevron* deference are applicable in the immigration context. *Abdulai,* 239 F.3d at 551 (citing *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999)).

The scope of review of a removal order entered *in absentia* is limited by 8 U.S.C. § 1229a(b)(5)(D) to: (1) the validity of the notice provided to the alien, (2) the reasons for the alien's not attending the proceeding, and (3) whether or not the alien is removable. The first and third issues have been conceded by Lin, confining this review to her reasons for failing to attend the second hearing.

### III.

We must determine whether the IJ abused his discretion in denying Lin's second motion to reopen removal proceedings. Under 8 U.S.C. § 1229a(b)(5)(A), any alien who "does not attend a proceeding under this section, shall be ordered removed *in absentia* if the Service establishes by clear, unequivocal and convincing evidence that the written notice was so provided and that the alien is removable." Section 1229a(b)(5)(C) further provides that such an order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." "Exceptional circumstances" are circumstances beyond the control of the alien such as the serious illness of the alien or

4

serious illness or death of the spouse, child or parent of the alien, but do not include less compelling circumstances. 8 U.S.C. § 1229a(e)(1).

The BIA's reopening of Lin's case after the first *in absentia* removal order amplifies that "exceptional circumstances" may exist for reasons other than serious illness. As the BIA explained, the totality of circumstances may be applied to determine whether "exceptional circumstances" exist and encompass factors such as the respondent's diligence, the unexpected and unavoidable nature of the circumstances, the extent of the lateness, and evidentiary support. The BIA found that Lin demonstrated diligence by her arrival at the courthouse at 9:00 a.m. and good faith by waiting for her attorney, who was late and attended other matters until 10:50 a.m. when he took Lin to her hearing. But as to Lin's second motion to reopen, both the IJ and the BIA found such diligence lacking, where Lin did not arrive at the building until 10:15 a.m. for a 9:00 a.m. hearing and was further delayed by security lines for entry to the courthouse, which were neither unexpected nor unavoidable.

Where a statute is silent or ambiguous with respect to a specific issue, the review is limited to determining whether the agency's answer is based on a permissible construction of the statute. *Abdulai*, 239 F.3d at 551 (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council Inc.*, 467 U.S. 837, 843 (1984)). This case turns on the meaning of "exceptional circumstances," a term inherently incapable of absolute definition. Although Lin argues that the IJ did not give proper weight to her inability to

speak English, it is a permissible interpretation of the statute to find that Lin's reasons for not attending the proceeding were neither compelling nor beyond her control, to constitute "exceptional circumstances." Accordingly, there was no abuse of discretion.

Aliens facing removal are entitled to Due Process under the United States Constitution. *Abdulai*, 239 F.3d at 549. Due Process requires: (1) factfinding based on a record produced before the decisionmaker and disclosed to the alien, (2) the opportunity to make arguments on her own behalf, and (3) the right to an individualized determination of her interests. *Id.* at 549. The denial of Lin's motion to reopen did not implicate any of these rights.

We have considered all of the arguments of the parties and conclude that no further discussion is necessary. In light of the foregoing, we will deny Lin's petition for review.