

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1469

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lin v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1682.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1682

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1469

———————

YUN HUI LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A75-565-956)

———————

Submitted under Third Circuit LAR 34.1(a)
October 12, 2007

Before: BARRY, CHAGARES and ROTH, Circuit Judges

(Opinion filed: January 29, 2008)

———————

O P I N I O N

———————

**PER CURIAM**

Petitioner, Yun Hui Lin ("Lin"), proceeding pro se, petitions this Court to review the July 14, 2006 decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. We will deny the petition.

Lin is a native and citizen of China. She is married and the mother of four children, two of whom were born in the United States. She arrived in the United States in 1997 and applied for asylum in 1998, claiming persecution by the Chinese government for violating its family planning policy. The Immigration Judge ("IJ") in Newark, New Jersey, entered an in absentia removal order on January 21, 1999, after Lin failed to appear at the removal hearing. Lin filed a counseled motion to reopen, seeking rescission of the removal order on the grounds that extraordinary circumstances beyond her control prevented her from attending the proceeding. The IJ denied this motion, but the BIA sustained Lin's appeal and remanded the matter to the Immigration Court. A hearing was scheduled for February 6, 2003, but Lin again failed to appear at the designated time and the IJ consequently entered another in absentia removal order. Lin filed a second counseled motion to reopen shortly thereafter, again citing extraordinary circumstances. In support of this motion, Lin submitted a signed English-language affidavit in which she explained that she was two hours late for the February 6 hearing because she encountered a long delay at the building's security checkpoint. The IJ denied the motion, and Lin appealed to the BIA. Lin submitted a more detailed affidavit in support of her appeal, in which she reiterated her explanation for the late arrival and also mentioned that she had difficulty finding someone at her attorney's office who was available to transport her from New York City to the Newark federal building on

the morning of the hearing. The BIA affirmed the IJ's decision without opinion. Lin then filed a motion for reconsideration and a motion for stay of removal, which the BIA denied in June 2004. She then filed a petition for review of the BIA's decision, which we denied in April 2005. See Lin v. Attorney General of the United States, No. 04-2805, 2005 WL 852688 (3d Cir. Apr. 14, 2005).

After retaining new counsel, Lin filed a third motion to reopen in the BIA on January 23, 2006, seeking relief on the grounds that her previous attorney misrepresented the facts in the English-language affidavit that accompanied the second motion to reopen in order to conceal his responsibility for Lin's failure to arrive at the hearing on time. Lin claims that the attorney did not mention in his filings to the IJ that he had agreed to transport Lin to the hearing and failed to pick her up at the appointed time. Lin alleges that she was unaware her attorney omitted this information from the affidavit because it was not read back to her in Chinese, and she claims that she did not become aware of this deficiency until October 2005, when she consulted with new counsel. The BIA denied the motion to reopen because it was not filed within ninety days of the final administrative decision being challenged, as required under 8 C.F.R. § 1003.2(c), and Lin had not shown that she was entitled to equitable tolling. The BIA also addressed the merits of the motion and concluded that Lin had not demonstrated grounds for reopening the proceedings. Lin timely filed a petition for review of the BIA's decision.

Because the denial of a motion to reopen is a final order, we have jurisdiction under 8 U.S.C. § 1252(a). See Sevioan v. Ashcroft, 290 F.3d 166, 171 (3d Cir. 2002). We review

3

the denial of a motion to reopen for abuse of discretion, <u>Xu Yong Lu v. Ashcroft</u>, 259 F.3d 127, 131 (3d Cir. 2001), and we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law," <u>Sevoian</u>, 290 F.3d at 174 (internal quotation marks omitted).

First, we note that the BIA correctly determined that Lin did not comply with the statutory ninety-day deadline, as she did not file her motion to reopen until January 2006, or nearly ten months after the challenged decision became final. Lin argues, however, that she is entitled to equitable tolling of the limitations period because she did not learn that there was a basis for an ineffective assistance of counsel claim based on <u>Matter of Lozada</u>, 19 I. & N. Dec. 637 (BIA 1988), until October 1, 2005, or approximately six months after the challenged decision became final. Lin claims that she exercised due diligence during this six-month period because she consulted with several attorneys who advised her there was no basis for a third motion to reopen. We conclude that the BIA acted within its discretion in denying equitable tolling, as Lin has not provided any evidentiary support for her claim that she acted with due diligence during this six-month period and has not otherwise demonstrated that extraordinary circumstances prevented her from learning of the <u>Lozada</u> claim prior to October 2005. <u>See</u> <u>Mahmood v. Gonzales</u>, 427 F.3d 248, 250-53 (3d Cir. 2005) (stating requirements for equitable tolling). Moreover, Lin does not explain why she waited an additional three months after learning of the <u>Lozada</u> claim before filing her motion in the BIA. Because we uphold the BIA's determination that the motion to reopen was untimely, we need not address the merits of the motion.

Next, Lin argues that her right to due process was violated because she was denied a

4

full and fair hearing on her asylum application. We reject this claim, as the record indicates that Lin was presented with multiple opportunities to present evidence before the IJ and there is no indication that the agency acted arbitrarily or unreasonably in not adjudicating the merits of the application. See Sukwanputra v. Gonzales, 434 F.3d 627, 632 (3d Cir. 2006) (stating that Due Process Clause does not preclude imposition of reasonable procedural requirements that an applicant must satisfy to be entitled to an adjudication).

Lin also submits on appeal newly obtained documentary evidence supporting her asylum claim. We may not consider this evidence at this time because it is not part of the administrative record, and even if it were, the issue of Lin's eligibility for asylum is not presently before this Court. See 8 U.S.C. § 1252(b)(4)(A); Sewak v. INS, 900 F.2d 667, 673 (3d Cir. 1990). To the extent that Lin possesses previously unavailable evidence showing that conditions in the country of removal have materially changed, she is not precluded from

filing another motion to reopen in the BIA. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).[1]

For the foregoing reasons, we conclude that the BIA properly denied the motion to

---

[1]Lin has also filed a motion to supplement the record to include a copy of a recent BIA decision that she believes provides additional support for her asylum claim. We construe the motion as submitted pursuant to FED. R. APP. P. 28(j), requesting consideration of supplemental authority that has recently come to the Petitioner's attention. Because we are not considering the merits of the asylum claim, the case cited in the motion is irrelevant to the instant appeal. We therefore deny the motion.

reopen and that the other claims raised on appeal are without merit.  Accordingly, we will

**deny** the petition for review.